STEVEN T. GUBNER - Bar No. 156593
RICHARD D. BURSTEIN - Bar No. 56661
REAGAN E. BOYCE - Bar No. 248064
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: sgubner@bg.law
rburstein@bg.law
rboyce@bg.law

Attorneys for David Seror, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DISTRICT**

In re

ALLIANCE FUNDING GROUP, INC.,

Debtor.

DAVID SEROR, solely in his capacity as the CHAPTER 7 TRUSTEE, for the bankruptcy estate of debtor, Alliance Funding Group, Inc.,

Plaintiff,

v.

RAZMIK ASLANJAN a/k/a Razmik Aslanyin, an individual; HAMLET BETSARGHEZ, an individual; HELEN MINASSIAN, an individual; ALLEN MELIKIAN, an individual; KELLZI FAMILY TRUST, a trust of unknown type; ZAVEN KELLZI, trustee of the Kellzi Family Trust; SONIA KELLZI, trustee of the Kellzi Family Trust; ALEXANDER USMANOV, an individual; NATALIA USMANOVA, an individual; MKRTCHYAN INVESTMENTS, LP, a California limited partnership a/k/a MKRCHYAN INVESTMENTS, LP; GREG MKRCHYAN, general partner of Mkrtchyan Investments, LP a/k/a Mkrchyan Investments, LP; NEELAM J. SAVLA, an individual; PUJA J. SAVLA, an individual; ANJANA S. SURA, an individual; ARTHUR NAGAPETYAN, an individual; ROBERT ASKAR, an individual; EVA ASKAR, an individual; AMERICAN FUNDERS CORP., a Nevada corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No. 1:17-bk-11888-MT

Chapter 7

Adv. No. 1:18-ap-01076-MT

**FIRST AMENDED COMPLAINT FOR**
**(1) TURNOVER OF ESTATE PROPERTY;**
**(2) QUIET TITLE; AND**
**(3) DECLARATORY RELIEF**

Discovery Cut-off Date: TBD
Motion Cut-off Date: TBD
Trial Date: TBD

Plaintiff, David Seror, the duly appointed and authorized Chapter 7 Trustee for the bankruptcy estate of debtor, Alliance Funding Group, Inc., complaining of defendants, Razmik Aslanjan, also known as Razmik Aslanyin, an individual; Hamlet Betsarghez, an individual; Helen Minassian, an individual; Allen Melikian, an individual; Kellzi Family Trust, a trust of unknown type; Zaven Kellzi, trustee of the Kellzi Family Trust; Sonia Kellzi, trustee of the Kellzi Family Trust; Alexander Usmanov, an individual; Natalia Usmanova, an individual; Mkrtchyan Investments, LP also known as Mkrchyan Investments, LP, a California limited partnership; Greg Mkrchyan, general partner of Mkrtchyan Investments, LP a/k/a Mkrchyan Investments, LP; Neelam J. Savla, an individual; Puja J. Savla, an individual; Anjana S. Sura, an individual; Arthur Nagapetyan, an individual; Robert Askar, an individual; Eva Askar, an individual; American Funders Corp., a Nevada corporation; and DOES 1 through 10 inclusive, alleges as follows:

**STATEMENT OF RELIEF SOUGHT:**

Trustee seeks a declaratory judgment that the real property located at 1020 E. Providencia Avenue, Burbank, CA 91501, APN# 5620-003-029, County of Los Angeles, State of California ("Providencia Property"), is property of the estate following the debtor, Alliance Funding Group, Inc.'s ("Debtor") post-petition foreclosure of a lien secured by the Providencia Property; declaratory judgment that all rent due for the Providencia Property since the Providencia Property became property of the Debtor's estate is also property of the estate; for turnover of the Providencia Property and all rent due therefor from defendants Razmik Aslanjan and DOES 1 through 10 inclusive, all of whom currently occupy the Providencia Property; and to quiet title to the Providencia Property as against defendants Razmik Aslanjan, Hamlet Betsarghez, Helen Minassian, Allen Melikian, Kellzi Family Trust, Zaven Kellzi, Sonia Kellzi, Alexander Usmanov, Natalia Usmanova, Mkrtchyan Investments, LP, Greg Mkrchyan, Neelam J. Savla, Puja J. Savla, Anjana S. Sura, Arthur Nagapetyan, Robert Askar, Eva Askar, American Funders Corp., and DOES 1 through 10, inclusive, who claim, or may claim an interest in the Providencia Property.

**THE PARTIES:**

1. Plaintiff, David Seror, ("Trustee" or "Plaintiff") is the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of Debtor.

2. Debtor, Alliance Funding Group, Inc. ("Debtor"), is a Nevada corporation incorporated under the laws of Nevada on January 23, 2003, and which was previously registered to do business in California from October 15, 2007 under the name "Allied Mortgage.com." Debtor, at some point in time after filing bankruptcy on July 17, 2017 ("Petition Date"), forfeited its right to conduct business in the State of California by its failure to pay taxes owed to the Franchise Tax Board and is currently suspended.

3. Firooz Payan ("Payan"), is the principal of the debtor. Plaintiff is informed and believes and based thereon alleges Payan filed his own voluntary petition under Chapter 7 of Title 11 commencing the bankruptcy case styled *In re Firooz Payan*, case number 9:18-bk-10237-DS on February 21, 2018 (the "Payan Bankruptcy". Plaintiff is informed and believes and based thereon alleges that Payan or his bankruptcy estate may claim an interest in the Providencia Property, the nature or extent of which is not presently known. Plaintiff does not waive, and affirmatively reserves herein all rights, interests and defenses regarding any interest Payan or his bankruptcy estate may claim in the Providencia Property, if any, and specifically reserves the right to amend this First Amended Complaint to join either Payan or his bankruptcy estate, as appropriate, as a defendant.

4. Defendant, Razmik Aslanjan also known as Razmik Aslanyin, ("Aslanjan") is an individual. Plaintiff is informed and believes and based thereon alleges Aslanjan is currently residing in the Providencia Property which is located within the jurisdiction of this Court. Plaintiff is informed and believes and based thereon alleges that Aslanjan may claim an interest in the Providencia Property, the nature or extent of which is not presently known.

5. Defendant, Hamlet Betsarghez ("Betsarghez"), is an individual. Plaintiff is informed and believes and based thereon alleges Betsarghez conducts business in the City of Glendale, which is within the jurisdiction of this Court. Plaintiff is informed and believes and based thereon alleges that Betsarghez may claim an interest in the Providencia Property, the nature or extent of which is not presently known.

6. Defendant, Helen Minassian ("Minassian"), is an individual. Plaintiff is informed and believes and based thereon alleges Minassian conducts business in the City of Glendale, which is within the jurisdiction of this Court. Plaintiff is informed and believes and based thereon alleges that

Minassian may claim an interest in the Providencia Property, the nature or extent of which is not presently known.

7. Defendant, Allen Melikian ("Melikian"), is an individual. Plaintiff is informed and believes and based thereon alleges Melikian conducts business in the City of Pasadena, which is within the jurisdiction of this Court. Plaintiff is informed and believes and based thereon alleges that Melikian may claim an interest in the Providencia Property, the nature or extent of which is not presently known.

8. Defendant, Kellzi Family Trust ("Kellzi Trust"), is a trust of unknown type. Plaintiff is informed and believes and based thereon alleges that the Kellzi Trust was formed under the laws of the State of California and conducts business in the City of Glendale, which is within the jurisdiction of this Court. Plaintiff is informed and believes and based thereon alleges that Kellzi Trust may claim an interest in the Providencia Property, the nature or extent of which is not presently known.

9. Defendant, Zaven Kellzi ("Z.Kellzi"), is a trustee of the Kellzi Trust. Plaintiff is informed and believes and based thereon alleges that Z.Kellzi conducts business in the City of Los Angeles, which is within the jurisdiction of this Court. Plaintiff is informed and believes and based thereon alleges that Z.Kellzi may claim an interest in the Providencia Property, the nature or extent of which is not presently known.

10. Defendant, Sonia Kellzi ("S.Kellzi"), is a trustee of the Kellzi Trust. Plaintiff is informed and believes and based thereon alleges that S.Kellzi conducts business in the City of Los Angeles, which is within the jurisdiction of this Court. Plaintiff is informed and believes and based thereon alleges that S.Kellzi may claim an interest in the Providencia Property, the nature or extent of which is not presently known.

11. Defendant, Neelam Savla ("N.Savla"), is an individual. Plaintiff is informed and believes and based thereon alleges that N.Savla conducts business in the City of Pasadena, which is within the jurisdiction of this Court. Plaintiff is informed and believes and based thereon alleges that N.Savla may claim an interest in the Providencia Property, the nature or extent of which is not presently known.

12. Defendant, Puja Savla (P.Savla") is an individual. Plaintiff is informed and believes and based thereon alleges that P.Savla conducts business in the City of Pasadena, which is within the jurisdiction of this Court. Plaintiff is informed and believes and based thereon alleges that P.Savla may claim an interest in the Providencia Property, the nature or extent of which is not presently known.

13. Defendant, Anjana Sura ("Sura," and together with N.Savla and P.Savla the "Savla Parties") is an individual. Plaintiff is informed and believes and based thereon alleges that Sura conducts business in the City of Pasadena, which is within the jurisdiction of this Court. Plaintiff is informed and believes and based thereon alleges that Sura may claim an interest in the Providencia Property, the nature or extent of which is not presently known.

14. Defendant, Alexander Usmanov ("Usmanov"), is an individual. Plaintiff is informed and believes and based thereon alleges Usmanov conducts business in the City of Encino, which is within the jurisdiction of this Court. Plaintiff is informed and believes and based thereon alleges that Usmanov may claim an interest in the Providencia Property, the nature or extent of which is not presently known.

15. Defendant, Natalia Usmanova ("Usmanova"), is an individual. Plaintiff is informed and believes and based thereon alleges Usmanova conducts business in the City of Encino, which is within the jurisdiction of this Court. Plaintiff is informed and believes and based thereon alleges that Usmanova may claim an interest in the Providencia Property, the nature or extent of which is not presently known.

16. Defendant, Mkrtchyan Investments, LP also known as Mkrchyan Investments, LP ("Mkrtchyan"), is a California limited partnership. Plaintiff is informed and believes and based thereon alleges Mkrtchyan is organized under the laws of the State of California and conducts business in the City of Burbank, which is within the jurisdiction of this Court. Plaintiff is informed and believes and based thereon alleges that Mkrtchyan may claim an interest in the Providencia Property, the nature or extent of which is not presently known.

17. Defendant, Greg Mkrchyan ("G.Mkrchyan"), is the general partner of Mkrtchyan. Plaintiff is informed and believes and based thereon alleges G.Mkrchyan conducts business in the

City of Burbank, which is within the jurisdiction of this Court. Plaintiff is informed and believes and based thereon alleges that G.Mkrchyan may claim an interest in the Providencia Property, the nature or extent of which is not presently known.

18. Defendant, Arthur Nagapetyan ("Nagapetyan"), is an individual. Plaintiff is informed and believes and based thereon alleges Nagapetyan conducts business in Sun Valley, which is within the jurisdiction of this Court. Plaintiff is informed and believes and based thereon alleges that Nagaprtyan may claim an interest in the Providencia Property, the nature or extent of which is not presently known.

19. Defendant, Robert Askar ("R.Askar"), is an individual. Plaintiff is informed and believes and based thereon alleges R.Askar conducts business in Sherman Oaks, which is within the jurisdiction of this Court. Plaintiff is informed and believes and based thereon alleges that R.Askar may claim an interest in the Providencia Property, the nature or extent of which is not presently known.

20. Defendant, Eva Askar ("E.Askar" and together with R.Askar the "Askars"), is an individual. Plaintiff is informed and believes and based thereon alleges E.Askar conducts business in Sherman Oaks, which is within the jurisdiction of this Court. Plaintiff is informed and believes and based thereon alleges that E.Askar may claim an interest in the Providencia Property in an amount not currently known.

21. American Funders Corp. ("AFC"), is a Nevada corporation, which was previously registered to do business in the State of California. Plaintiff is informed and believes and based thereon alleges that at some point in time after April 2, 2014, AFC forfeited its right to conduct business in the State of California by its failure to pay taxes to the Franchise Tax Board and is currently suspended. Plaintiff is informed and believes and based thereon alleges that AFC may claim an interest in the Providencia Property, the nature or extent of which is not presently known.

22. Defendants, DOES 1 through 10, inclusive, are individuals of unknown identity. Plaintiff will amend his complaint when the identity of the DOE Defendants has been ascertained. Plaintiff is informed and believes and based thereon alleges that the DOE Defendants may claim an interest in the Providencia Property, the nature or extent of which is not presently known.

**JURISDICTION AND VENUE:**

23. On July 17, 2017, ("Petition Date") Debtor filed its voluntary petition under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code"), commencing the bankruptcy case styled *In re Alliance Funding Group, Inc*., case number 1:17-bk-11888-MT (the "Case"). Shortly thereafter, Trustee was appointed the Chapter 7 Trustee, in which capacity he continues to serve.

24. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1), 157(b)(2)(A), (B), (E), (K) and (O), and 1334. The Court further has jurisdiction pursuant to General Order No. 13-5 of the United States District Court for the Central District of California.

25. Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409 as this adversary proceeding is related to the Debtor's Case under Title 11 of the Bankruptcy Code, and which Case is still pending.

26. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), (K) and (O). Trustee consents to the entry of final orders and judgment by the Bankruptcy Court in this adversary proceeding.

27. Trustee has standing to bring this adversary proceeding pursuant to 11 U.S.C. § 323, as he is the duly appointed and acting Chapter 7 Trustee for the Debtor's bankruptcy estate.

**GENERAL ALLEGATIONS:**

28. Plaintiff is informed and believes and based thereon alleges that on or about December 1, 2009, Defendant Melikian obtained title to the Providencia Property by a *Grant Deed* conveying a fee simple interest to him from the prior owner. The *Grant Deed* was recorded on December 23, 2009 as Instrument No. 20091957225 of the Official Records of Los Angeles County.

29. Plaintiff is informed and believes and based thereon alleges that on or about the same date that Defendant Melikian acquired the Providencia Property, Melikian granted a *Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing* against the Providencia Property in favor of Defendant Kellzi Trust to secure a loan in the amount of $306,000.00. The Kellzi *Deed of Trust* was recorded on December 23, 2009 as Instrument No. 20091957226 of the Official Records of Los Angeles County.

30. Plaintiff is informed and believes and based thereon alleges that Zaven Kellzi and

Sonia Kellzi are the trustees of the Kellzi Trust and may claim an interest in the Providencia Property, in their capacity as trustees of the Kellzi Family Trust, the nature and extent of which is presently unknown.

31. Plaintiff is informed and believes and based thereon alleges that on or about March 4, 2010, Melikian quitclaimed all of his interest in the Providencia Property to Defendant Betsarghez. Melikian's transfer is evidenced by a *Quit Claim Deed* recorded on March 9, 2010 as Instrument No. 20100322573 of the Official Records of Los Angeles County. Plaintiff is informed and believes and based thereon alleges that Defendant Betsarghez paid nothing for the Providencia Property.

32. Plaintiff is informed and believes and based thereon that on or about March 6, 2013, Defendant Betsarghez's spouse, Helen Minassian transferred all of her interest, if any, in the Providencia Property to Defendant Betsarghez as evidenced by an *Interspousal Transfer Grant Deed* recorded on March 11, 2013, as Instrument No. 20130361982 of the Official Records of Los Angeles County.

33. Plaintiff is informed and believes and based thereon alleges that on or about April 13, 2013, Defendant Kellzi Trust reconveyed all of its interest in the Providencia Property to Defendant Melikian by a *Substitution of Trustee and Full Reconveyance* recorded on April 19, 2013, as Instrument No. 20130592315 of the Official Records of Los Angeles County. Plaintiff is informed and believes and based thereon alleges that Defendant Melikian no longer had any right or interest in the Providencia Property due to his quitclaiming all rights, title, and interest in the Providencia Property to Defendant Betsarghez three years prior.

34. Plaintiff is informed and believes and based thereon alleges that on or about April 1, 2014, Debtor loaned to Defendant Betsarghez an amount between $5,000 and $300,000 and which loan was secured by an interest in the Providencia Property. Defendant Betsarghez granted a *Deed of Trust and Assignment of Rents* to Debtor, which was recorded on April 2, 2014, as Instrument No. 20140332115 in the Official Records of Los Angeles County.

35. Plaintiff is informed and believes and based thereon alleges that on or about June 14, 2014, Defendant Betsarghez conveyed all of his interest in the Providencia Property to Defendant Mkrtchyan as evidenced by a *Grant Deed* recorded on June 19, 2014, as Instrument No.

20140638414 in the Official Records of Los Angeles County. Plaintiff is informed and believes and based thereon alleges that Defendant Mkrtchyan paid nothing for the Providencia Property.

36. Plaintiff is informed and believes and based thereon alleges that Defendant G.Mkrchyan may claim an interest in the Providencia Property in his capacity as the general partner of Defendant Mkrtchyan, the nature and extent of which is presently unknown.

37. Plaintiff is informed and believes and based thereon alleges that on or about March 19, 2015, Defendant Mkrtchyan borrowed $250,000.00 from the “Savla Parties,” which loan was secured by a *Deed of Trust* recorded against the Providencia Property on March 25, 2015, as Instrument No. 20150322067 of the Official Records of Los Angeles County.

38. Plaintiff is informed and believes and based thereon alleges that on or about August 26, 2015, Defendant Mkrtchyan borrowed $850,000.00 from Defendant Usmanov, which loan was secured by a *Deed of Trust* recorded against the Providencia Property on September 29, 2015, as Instrument No. 20151204656 of the Official Records of Los Angeles County.

39. Plaintiff is informed and believes and based thereon alleges that on or about October 8, 2015, Debtor assigned its secured interest in the Providencia Property as evidenced by Instrument No. 20140332115 to the Askars by an *Assignment of Deed of Trust and Note* recorded on October 9, 2015, as Instrument No. 20151252684 of the Official Records of Los Angeles County.

40. Plaintiff is informed and believes and based thereon alleges that on or about December 3, 2015, Defendant Mkrtchyan borrowed $150,000.00 from Defendant Usmanova, which loan was secured by a *Deed of Trust* recorded on December 4, 2015, as Instrument No. 20151526620 of the Official Records of Los Angeles County.

41. Plaintiff is informed and believes and based thereon alleges that on or about July 27, 2016, Defendant Kellzi Trust attempted to “rescind” its reconveyance of the Kellzi Trust’s interest in the Providencia Property by a purported *Rescission of Reconveyance & Restatement of Deed of Trust* recorded on August 2, 2016, as Instrument No. 20160904178 of the Official Records of Los Angeles County.

42. Plaintiff is informed and believes and based thereon alleges that on or about October 7, 2016, Debtor substituted its principal, Payan, as the trustee for the *Deed of Trust* securing

Debtor's interest in the Providencia Property which *Substitution of Trustee* was recorded on October 11, 2016, as Instrument No. 20161242892 of the Official Records of Los Angeles County.

43. Plaintiff is informed and believes and based thereon alleges that Payan may claim an interest in the Providencia Property in his capacity as the trustee for the Deed of Trust that secured the Debtor's interest in the Providencia Property or otherwise, and which Deed of Trust was assigned to the Askars and ultimately re-assigned back to the Debtor prior to the Debtor's foreclosure on that Deed of Trust in November 2017. The nature and extent of Payan's interest in the Providencia Property, if any, is presently unknown.

44. Plaintiff is informed and believes and based thereon alleges that on or about October 7, 2016, Payan, acting as the trustee for the Deed of Trust securing the Debtor's interest in the Providencia Property, recorded a *Notice of Default and Election to Sell Under Deed of Trust* arising out of Defendant Betsarghez's defaulting on the loan(s) made to him by Debtor in the amount of $445,740.00, which *Notice of Default* was recorded on October 11, 2016, as Instrument No. 20161242893. A second *Notice of Default* was recorded on October 11, 2016, as Instrument No. 20161242894 of the Official Records of Los Angeles County.

45. Plaintiff is informed and believes and based thereon alleges that on or about October 11, 2016, Defendant Melikian assigned his purported secured interest in the Providencia Property to Defendant Usmanov by an *Assignment of Deed of Trust* recorded on October 11, 2016, as Instrument No. 20161240878 of the Official Records of Los Angeles County.

46. Plaintiff is informed and believes and based thereon alleges that on December 2, 2016, Debtor rescinded both of its *Notices of Default and Election to Sell Under Deed of Trust* and Payan, acting in his capacity as the trustee for the Debtor's deed of trust, recorded a *Rescission* on December 2, 2016, as Instrument No. 20161522102 of the Official Records of Los Angeles County. A second *Rescission* was recorded as to the second notice of default and recorded on December 2, 2016, as Instrument No. 20161522103 of the Official Records of Los Angeles County.

47. Plaintiff is informed and believes and based thereon alleges that on or about January 3, 2017, Defendant Usmanov recorded a *Substitution of Trustee* naming TD Foreclosure Services, Inc., as the trustee for the deed of trust that was assigned by Defendant Melikian to Defendant

Usmanov. The *Substitution of Trustee* was recorded on January 11, 2017, as Instrument No. 20170041783 of the Official Records of Los Angeles County.

48. Plaintiff is informed and believes and based thereon alleges that on or about January 3, 2017, TD Foreclosure Services, Inc., acting as the trustee for the deed of trust benefitting Defendant Usmanov recorded a *Notice of Default and Election to Sell Under Deed of Trust* claiming the amount of $616,064.46 was owed by Defendant Betsarghez. The *Notice of Default* was recorded on January 11, 2017, as Instrument No. 20170041784 of the Official Records of Los Angeles County.

49. Plaintiff is informed and believes and based thereon alleges that on or about March 15, 2017, Payan, acting as the trustee for the deed of trust benefitting the Askars as assigned to them by Debtor, recorded a *Notice of Default and Election to Sell Under Deed of Trust* claiming the amount of $475,380.00 was owed by Defendant Betsarghez. The *Notice of Default* was recorded on March 29, 2017, as Instrument No. 20170347424 of the Official Records of Los Angeles County.

50. Plaintiff is informed and believes and based thereon alleges that on or about May 12, 2017, Payan, acting as the trustee for the deed of trust benefitting the Askars as assigned to them by Debtor, recorded a *Notice of Trustee's Sale*, which sale was set for June 9, 2017. The *Notice of Trustee's Sale* was recorded on May 12, 2017, as Instrument No. 20170533719 of the Official Records of Los Angeles County.

51. Plaintiff is informed and believes and based thereon alleges that on or about May 25, 2017, TD Foreclosure Services, Inc., acting as the trustee for the deed of trust benefitting Defendant Usmanov as assigned to him by Melikian after full reconveyance by the Kellzi Trust, recorded a *Notice of Trustee's Sale*, which sale was set for June 26, 2017. The *Notice of Trustee's Sale* was recorded on May 31, 2017, as Instrument No. 20170597671 of the Official Records of Los Angeles County.

52. Plaintiff is informed and believes and based thereon alleges that on or about June 1, 2017, Defendant Mkrtchyan transferred all of his interest in the Providencia Property to Defendant Nagapetyan by a *Grant Deed* recorded on June 5, 2017, as Instrument No. 20170615955 of the Official Records of Los Angeles County. Plaintiff is informed and believes and based thereon

alleges that Defendant Nagapetyan paid nothing for the Providencia Property.

53. Plaintiff is informed and believes and based thereon alleges that on or about July 11, 2017, the Askars assigned their secured interest in the Providencia Property back to Debtor by an *Assignment of Deed of Trust and Note* which was recorded on July 24, 2017, as Instrument No. 20170827561 of the Official Records of Los Angeles.

54. Plaintiff is informed and believes and based thereon alleges that on or about October 13, 2017, Payan, acting in his capacity as the trustee for the *Deed of Trust* benefitting Debtor, recorded a *Notice of Trustee's Sale* on October 13, 2017, as Instrument No. 20171176279. The sale was scheduled to take place on November 6, 2017.

55. Plaintiff is informed and believes and based thereon alleges that on or about November 14, 2017, Debtor recorded its *Trustee's Deed Upon Sale* taking title to the Providencia Property in fee simple upon foreclosure of its secured interest in the Providencia Property. The *Trustee's Deed Upon Sale* was recorded on November 14, 2017, as Instrument No. 20171308593 of the Official Records of Los Angeles County.

56. The Trustee is informed and believes and based thereon alleges that Defendant Aslanjan is residing at the Providencia Property, and has been in residence since at least November 6, 2017.

57. Trustee is informed and believes and based thereon alleges that the DOE Defendants are an unknown number of individual(s) some or all of whom may also reside at the Providencia Property, County of Los Angeles, State of California, or otherwise claim an interest therein, the nature and extent of which is presently unknown. The names and identities of the DOE Defendants are presently unknown to the Trustee, who will amend this Complaint when said identities are ascertained.

58. Trustee is informed and believes and thereon alleges that post Petition Date, on or about November 6, 2017 ("Foreclosure Date"), Debtor acquired the Providencia Property through a foreclosure sale proceeding on a promissory note in favor of Debtor and which was secured by a deed of trust against the Providencia Property. Due to the various transfers of title that occurred for no value and the multiple deeds of trust recorded against the Providencia Property, title to the

Providencia Property has become clouded. Attached hereto as **Exhibit 1** is a true and correct copy of the preliminary title report Plaintiff obtained and which reflects the various deeds and deeds of trust recorded against the Providencia Property.

59. The Providencia Property is the real property at issue in this proceeding. Title to the Providencia Property stands in the name of the Debtor and is property of the Debtor's estate. Trustee is informed and believes that the Providencia Property is currently occupied by Defendant Aslanjan and/or some or all of the DOE Defendants.

60. Defendant Aslanjan and/or DOE Defendants have occupied the Providencia Property without paying rent to the estate since the Foreclosure Date. On or about March 12, 2018, Trustee made demand on Defendant Aslanjan and DOE Defendants to pay rent owed to the estate, and/or to vacate the Providencia Property. The Defendants have failed and refused to do so. Attached hereto as **Exhibit 2** is the first demand letter Trustee sent to Defendant Aslanjan and the DOE Defendants.

61. On or about March 26, 2018, Trustee caused to be served on Defendant Aslanjan and the DOE Defendants a *60 Day Notice to Quit*. Attached hereto as **Exhibit 3** is a true and correct copy of the *60 Day Notice to Quit*. Attached hereto as **Exhibit 4** is a true and correct copy of the *Declaration of Service* by the process server who served Aslanjan and the DOE Defendants.

62. At no time since his appointment as Trustee has the Trustee affirmed the lease agreement or other executory contract under which Defendant Aslanjan and/or the DOE Defendants claim a right to occupy the Providencia Property. Therefore, any lease agreement or executory contract between Aslanjan and/or the DOE Defendants with any other party, including Debtor, related to a lease of the Providencia Property expired by operation of law 60 days from the Foreclosure Date when the Providencia Property became property of the estate.

**FIRST CLAIM FOR RELIEF**

**For Turnover of Estate Property – 11 U.S.C. § 542**

**(As Against Defendant Aslanjan and the DOE Defendants only)**

63. Plaintiff incorporates paragraphs 1 through 62 set forth above as though set forth fully herein by this reference.

64. The Providencia Property is property of the estate pursuant to 11 U.S.C. § 541

because as of the Petition Date Debtor had a secured interest in the Providencia Property as evidenced by the *Deed of Trust* recorded in the Official Records of Los Angeles County on April 2, 2014 as Instrument No. 20140332115.

65. Post Petition the Debtor's interest in the Providencia Property was transformed from a secured lien to ownership in fee simple by the Debtor's act of foreclosing on its secured lien on or about November 6, 2017.

66. Defendant Aslanjan's and the DOE Defendants' occupancy of the Providencia Property interferes with the lawful administration of the estate and constitutes a possession and refusal to return property of the estate to the Trustee.

67. Defendant Aslanjan's and the DOE Defendants' failure to pay rent also constitutes a possession and use of property of the estate.

68. Defendant Aslanjan and the DOE Defendants should be ordered to turn over possession of the Providencia Property and to turn over to the Trustee the reasonable rental value thereof for the time that all such defendants have remained in possession.

## SECOND CLAIM FOR RELIEF

### For Quiet Title

### As Against all Defendants

69. Plaintiff incorporates paragraphs 1 through 68 set forth above as though set forth fully herein by this reference.

70. Trustee is informed and believes and based thereon alleges that Defendant Melikian purchased the Providencia Property in December 2009 from a third party not named herein. Attached hereto as **Exhibit 5** is a true and correct copy of the *Grant Deed* reflecting that Defendant Melikian obtained title to the Providencia Property in December 2009.

71. Trustee is informed and believes and based thereon alleges that on or about March 9, 2010, Defendant Melikian quit claimed all his title and interest in the Providencia Property to Defendant Betsarghez for no value. Attached hereto as **Exhibit 6** is a true and correct copy of the *Quit Claim Deed* reflecting that the transfer was a gift for no value received.

72. Trustee is informed and believes and based thereon alleges that three years after

Defendant Betsarghez took title to the Providencia Property on or about March 11, 2013, his spouse Helen Minassian transferred all of her interest in the Providencia Property to Defendant Betsarghez by an inter-spousal transfer deed. Attached hereto as **Exhibit 7** is a true and correct copy of the *Interspousal Transfer Deed*.

73. Trustee is informed and believes and based thereon alleges that on or about June 16, 2014, Defendant Betsarghez transferred title to Defendant Mkrtchyan by grant deed. Attached hereto as **Exhibit 8** is a true and correct copy of the *Grant Deed* reflecting that the transfer was a gift for no value received.

74. Trustee is informed and believes and based thereon alleges that on or about June 1, 2017, after two secured lienholders of the Providencia Property, Debtor and Defendant Usmanov, filed notices of foreclosure on the Providencia Property, Defendant Mkrtchyan transferred title to the Providencia Property to Defendant Nagapetyan. Attached hereto as **Exhibit 9** is a true and correct copy of the *Grant Deed* reflecting that the transfer was a gift for no value received.

75. On November 6, 2017, Debtor foreclosed on its secured interest in the Providencia Property taking title upon a duly noticed and executed foreclosure sale. Attached hereto as **Exhibit 10** is a true and correct copy of the *Trustee's Deed Upon Sale*.

76. Defendants Melikian, Betsarghez, Mkrtchyan, Nagapetyan or someone claiming an interest through one of these defendants may still claim an interest in the Providencia Property, the nature and extent of which is presently unknown.

77. A true dispute exists over the ownership of the Providencia Property such that Plaintiff seeks an order of this Court declaring the Providencia Property to be property of the estate 100% in fee simple and quieting title to the Providencia Property in favor of Debtor and no other.

**<u>THIRD CLAIM FOR RELIEF</u>**

**For Quiet Title**

**As Against all Defendants**

78. Plaintiff incorporates paragraphs 1 through 77 set forth above as though set forth fully herein by this reference.

79. Trustee is informed and believes and based thereon alleges that while Defendant

Melikian held title to the Providencia Property Melikian granted a secured lien to Defendant Kellzi Trust.

80. Trustee is informed and believes and based thereon alleges that Defendant Kellzi Trust reconveyed its secured lien to Defendant Melikian after Defendant Melikian had transferred all his rights, interests and title to the Providencia Property to Defendant Betsarghez. Plaintiff is informed and believes and based thereon alleges that Defendant Melikian made no subsequent transfer of any interest reconveyed to Defendant Melikian by Defendant Kellzi Trust, if any, to Defendant Betsarghez.

81. Trustee is informed and believes and based thereon alleges that Defendant Kellzi Trust attempted to rescind its reconveyance of its secured interest in the Providencia Property to Defendant Melikian after Defendant Betsarghez had transferred title to the Providencia Property to Defendant Mkrtchyan.

82. Trustee is informed and believes and based thereon alleges that Defendant Kellzi Trust then assigned whatever interest it obtained, if any, from the purported rescission of its full reconveyance of its interest in the Providencia Property, to Defendant Usmanov.

83. Usmanov claims to hold a secured interest in the Providencia Property that was superior in priority to the secured lien granted to Debtor.

84. Defendant Usmanov has also attempted to add the secured liens granted to other lienholders against the Providencia Property onto the amount secured by the lien he was assigned, if any, by the Kellzi Trust such that Usmanov claims to have a lien equal to most of if not all of the equity available in the Providencia Property.

85. Trustee is informed and believes and based thereon alleges that while Defendant Betsarghez held title to the Providencia Property he granted a secured lien to Debtor.

86. Trustee is informed and believes and based thereon alleges that while Defendant Mkrtchyan held title to the Providencia Property he granted secured liens to Defendant the Savla Parties, Defendant Usmanov, and Defendant Usmanova.

87. A dispute exists as to the priority, amount and order of the secured liens that were granted by various defendants while they held title to the Providencia Property such that Plaintiff

seeks an order of this Court quieting title to the Providencia Property in favor of Debtor and establishing the order, priority and amount of any liens that may remain on title to the Providencia Property after Debtor foreclosed on its secure interest, if any. Plaintiff also seeks to quiet title in the Providencia Property as to defendants Minassian, G.Mkrchyan, the Askars, Z.Kellzi, S.Kellzi, and American Funders Corp., to the extent that any of these defendants claim an interest in the Providencia Property through another defendant named herein.

**WHEREFORE**, Trustee prays for judgment:

1. Directing Defendant Aslanjan and the DOE Defendants and each of them to turn over the Providencia Property to the Trustee,;

2. Directing Defendant Aslanjan and the DOE Defendants to vacate the Providencia Property;

3. Directing Defendant Aslanjan and the DOE Defendants to pay to the Trustee the reasonable rental value for Defendants' occupancy of the Providencia Property from November 6, 2017 through judgment, and thereafter until turnover of the Providencia Property;

4. For an order authorizing the clerk of the court to issue a writ of possession for the Providencia Property as against all current occupants pursuant to Fed.R.Bankr.P. 7070 and Fed.R.Civ.P. 70;

5. For an order declaring Debtor to be the owner of the Providencia Property holding 100% simple fee interest;

6. For an order declaring what, if any, liens or other interests, remain against title to the Providencia Property after Debtor's foreclosure of its secured lien and quieting title in the Debtor;

7. For costs of suit; and

8. For such other and further relief as the Court may deem just and proper.

DATED: June 26, 2018

BRUTZKUS GUBNER

By: Reagan E. Boyce
Richard D. Burstein
Reagan E. Boyce
Attorneys for David Seror, Chapter 7 Trustee

# EXHIBIT “1”

First American Title

# First American Title Company

**4 First American Way**
**Santa Ana, CA 92707**
California Department of Insurance License No. 151

Order Number: O-SA-5713600 (dt)

Title Officer: Debbie Tognetti
Phone: (714)250-8579
Fax No.: (714)481-2956
E-Mail: FAHQ-RA-octitle3@firstam.com

Property: 1020 E Providencia Avenue
Burbank, CA 91501

## PRELIMINARY REPORT

In response to the above referenced application for a policy of title insurance, this company hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a Policy or Policies of Title Insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an Exception below or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations of said Policy forms.

The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Exhibit A attached. *The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties*. Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Exhibit A. Copies of the policy forms should be read. They are available from the office which issued this report.

**Please read the exceptions shown or referred to below and the exceptions and exclusions set forth in Exhibit A of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.**

**It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects, and encumbrances affecting title to the land.**

This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.

Dated as of May 14, 2018 at 7:30 A.M.

The form of Policy of title insurance contemplated by this report is:

ALTA/CLTA Homeowner's (EAGLE) Policy of Title Insurance (2013) and ALTA Ext Loan Policy 1056.06 (06-17-06) if the land described is an improved residential lot or condominium unit on which there is located a one-to-four family residence; or ALTA Standard Owner's Policy 2006 (WRE 06-17-06) and the ALTA Loan Policy 2006 (06-17-06) if the land described is an unimproved residential lot or condominium unit

A specific request should be made if another form or additional coverage is desired.

Title to said estate or interest at the date hereof is vested in:

ALLIANCE FUNDING GROUP INC., A NEVADA CORPORATION

The estate or interest in the land hereinafter described or referred to covered by this Report is:

FEE

The Land referred to herein is described as follows:

(See attached Legal Description)

At the date hereof exceptions to coverage in addition to the printed Exceptions and Exclusions in said policy form would be as follows:

1. General and special taxes and assessments for the fiscal year 2018-2019, a lien not yet due or payable.

2. General and special taxes and assessments for the fiscal year 2017-2018.

| | |
|---|---|
| First Installment: | $7,202.20, DELINQUENT |
| Penalty: | $720.22 |
| Second Installment: | $7,202.18, DELINQUENT |
| Penalty: | $730.21 |
| Tax Rate Area: | 12-02530 |
| A. P. No.: | 5620-003-029 |

3. Supplemental taxes for the year 2017-2018 assessed pursuant to Chapter 3.5 commencing with Section 75 of the California Revenue and Taxation Code.

| | |
|---|---|
| First Installment: | $ 443.72, DELINQUENT |
| Penalty: | $ 44.37 |
| Second Installment: | $ 443.72, DELINQUENT |
| Penalty: | $ 54.37 |
| Tax Rate Area: | 12-02530 |
| A. P. No.: | 5620-003-029 |

4. The lien of defaulted taxes for the fiscal year 2015-2016, and any subsequent delinquencies.

| | |
|---|---|
| Tax Rate Area: | 12-02530 |
| A. P. No.: | 5620-003-029 |
| Amount to redeem: | $24,700.47 |
| Valid through: | MAY 2018 |
| Amount to redeem: | $24,982.62 |
| Valid through: | JUNE 2018 |

**Please contact the tax office to verify the payoff amount.**

5. The lien of supplemental taxes, if any, assessed pursuant to Chapter 3.5 commencing with Section 75 of the California Revenue and Taxation Code.

6. A right of way, affecting Lot "A" for conducting water across said lot from a spring located on Block 127 to the land march on the map of Providencia and Scott Trust, recorded in Book 17, Page 15 Et Seq. of miscellaneous records of said county, as conveyed by David Burbank, to G.A. March, by deed dated January 15, 1885 and recorded in Book 133, Page 188 of Deeds.

7. Rights of way, affecting Lot "A", for conducting water from the "Reservoir located in the Northerly portion of Lot 1 of the lands participated by decree in Case No. 20211 superior court, as per map recorded in Book 951, Page 55 of Deeds, records of said county, to Lots 1, 2, 3 and 4 of the lands partition by said decree, to J. Downey Harvey, H.M. Gillis, George W. King and B.F. Kierulff", together with the right to maintain said pipe line in good order and repair and to enter in and upon said lots for said purposes provided that said pipe lines shall be so laid and constructed as not to interfere with the proper cultivation of the land, as established by said decree recorded as above mentioned, to which record reference is hereby made for particulars.

8. Covenants, conditions, restrictions and easements in the document recorded as Book 5927, Page 65 of Official Records, which provide that a violation thereof shall not defeat or render invalid the lien of any first mortgage or deed of trust made in good faith and for value, but deleting any covenant, condition, or restriction indicating a preference, limitation or discrimination based on race, color, religion, sex, sexual orientation, familial status, disability, handicap, national origin, genetic information, gender, gender identity, gender expression, source of income (as defined in California Government Code § 12955(p)) or ancestry, to the extent such covenants, conditions or restrictions violation 42 U.S.C. § 3604(c) or California Government Code § 12955. Lawful restrictions under state and federal law on the age of occupants in senior housing or housing for older persons shall not be construed as restrictions based on familial status.

9. Covenants, conditions, restrictions and easements in the document recorded as Book 7300, Page 46 and Book 7364, Page 151, both of Official Records, which provide that a violation thereof shall not defeat or render invalid the lien of any first mortgage or deed of trust made in good faith and for value, but deleting any covenant, condition, or restriction indicating a preference, limitation or discrimination based on race, color, religion, sex, sexual orientation, familial status, disability, handicap, national origin, genetic information, gender, gender identity, gender expression, source of income (as defined in California Government Code § 12955(p)) or ancestry, to the extent such covenants, conditions or restrictions violation 42 U.S.C. § 3604(c) or California Government Code § 12955. Lawful restrictions under state and federal law on the age of occupants in senior housing or housing for older persons shall not be construed as restrictions based on familial status.

10. A lien for unsecured property taxes, evidenced by a certificate recorded by the tax collector of Los Angeles County, recorded NOVEMBER 20, 2008, as INSTRUMENT NO. 08-2052677 of Official Records.
Debtor: ALLIANCE FUNDING GROUP INC DBA ALLIED MORTGAGE.COM

| | |
|---|---|
| Year & No.: | 08/40607153 |
| Amount: | $152.36, and any other amounts due thereunder. |

11. A lien for unsecured property taxes, evidenced by a certificate recorded by the tax collector of Los Angeles County, recorded NOVEMBER 13, 2009, as INSTRUMENT NO. 09-1712647 of Official Records.

| | |
|---|---|
| Debtor: | ALLIANCE FUNDING GROUP INC DBA ALLIED MORTGAGE.COM |
| Year & No.: | 09/40707132 |
| Amount: | $153.68, and any other amounts due thereunder. |

12. A deed of trust to secure an original indebtedness of $306,000.00 recorded December 23, 2009 as INSTRUMENT NO. 09-1957226 OF OFFICIAL RECORDS.

| | |
|---|---|
| Dated: | December 17, 2009 |
| Trustor: | ALLEN MELIKIAN |
| Trustee: | ORANGE COAST TITLE COMPANY OF SOUTHERN CALIFORNIA - LOS ANGELES DIVISION |
| Beneficiary: | KELLZI FAMILY TRUST |

According to the public records, the beneficial interest under the deed of trust was assigned to ALEXANDER USMANOV by assignment recorded October 11, 2016 as INSTRUMENT NO. 16-1240878 OF OFFICIAL RECORDS.

Notes:
a. If this deed of trust is to be eliminated in the policy or policies contemplated by this report/commitment, we will require all of the following prior to the recordation of any documents or the issuance of any policy of title insurance:
i. Original note and deed of trust.
ii. Payoff demand statement signed by all present beneficiaries.
iii. Request for reconveyance signed by all present beneficiaries.
b. If the payoff demand statement or the request for reconveyance is to be signed by a servicer, we will also require a full copy of the loan servicing agreement executed by all present beneficiaries.
c. If any of the beneficial interest is presently held by trustees under a trust agreement, we will require a certification pursuant to Section 18100.5 of the California Probate Code in a form satisfactory to the Company

A document recorded January 11, 2017 as INSTRUMENT NO. 17-41783 OF OFFICIAL RECORDS provides that TD FORECLOSURE SERVICES, INC. was substituted as trustee under the deed of trust.

A notice of default recorded January 11, 2017 as INSTRUMENT NO. 17-41784 OF OFFICIAL RECORDS.

A notice of trustee's sale recorded May 31, 2017 as INSTRUMENT NO. 17-597671 OF OFFICIAL RECORDS.

The effect of a document entitled "RESCISSION OF RECONVEYANCE & REINSTATEMENT OF DEED OF TRUST", recorded August 02, 2016 as INSTRUMENT NO. 16-904178 of Official Records.

13. A lien for unsecured property taxes, evidenced by a certificate recorded by the tax collector of Los Angeles County, recorded NOVEMBER 17, 2010, as INSTRUMENT NO. 10-1649475 of Official Records.
    Debtor: ALLIANCE FUNDING GROUP INC DBA ALLIED MORTGAGE.COM
    Year & No.: 10/40611816
    Amount: $156.39, and any other amounts due thereunder.

14. A lien for unsecured property taxes, evidenced by a certificate recorded by the tax collector of Los Angeles County, recorded JANUARY 4, 2012, as INSTRUMENT NO. 12-8863 of Official Records.
    Debtor: ALLIANCE FUNDING GROUP INC DBA ALLIED MORTGAGE.COM
    Year & No.: 11/40605569
    Amount: $160.73, and any other amounts due thereunder.

15. The effect of a document entitled "INTERSPOUSAL TRANSFER GRANT DEED", recorded March 11, 2013 as INSTRUMENT NO. 361982 OF OFFICIAL RECORDS.

    THE REQUIREMENT THE DOCUMENT IS RE-RECORDED TO INCLUDE A COMPLETE AND CORRECT LEGAL DESCRIPTION.

16. A lien for unsecured property taxes, evidenced by a certificate recorded by the tax collector of Los Angeles County, recorded NOVEMBER 6, 2013, as INSTRUMENT NO. 13-1578423 of Official Records.
    Debtor: ALLIANCE FUNDING GROUP, INC
    Year & No.: 13/49121295
    Amount: $1,215.27, and any other amounts due thereunder.

17. A lien for unsecured property taxes, evidenced by a certificate recorded by the tax collector of Los Angeles County, recorded NOVEMBER 6, 2013, as INSTRUMENT NO. 13-1578424 of Official Records.
    Debtor: ALLIANCE FUNDING GROUP, INC
    Year & No.: 13/49121299
    Amount: $2,667.53, and any other amounts due thereunder.

18. A lien for unsecured property taxes, evidenced by a certificate recorded by the tax collector of Los Angeles County, recorded NOVEMBER 6, 2013, as INSTRUMENT NO. 13-1578425 of Official Records.
    Debtor: ALLIANCE FUNDING GROUP, INC
    Year & No.: 13/49121300
    Amount: $1,044.34, and any other amounts due thereunder.

19. A lien for unsecured property taxes, evidenced by a certificate recorded by the tax collector of Los Angeles County, recorded NOVEMBER 6, 2013, as INSTRUMENT NO. 13-1578426 of Official Records.
    Debtor: ALLIANCE FUNDING GROUP, INC
    Year & No.: 13/49121301
    Amount: $438.12, and any other amounts due thereunder.

20. A lien for unsecured property taxes, evidenced by a certificate recorded by the tax collector of Los Angeles County, recorded NOVEMBER 6, 2013, as INSTRUMENT NO. 13-1578427 of Official Records.
    Debtor: ALLIANCE FUNDING GROUP, INC
    Year & No.: 13/49121303
    Amount: $423.37, and any other amounts due thereunder.

21. A lien for unsecured property taxes, evidenced by a certificate recorded by the tax collector of Los Angeles County, recorded NOVEMBER 6, 2013, as INSTRUMENT NO. 13-1578428 of Official Records.
    Debtor: ALLIANCE FUNDING GROUP, INC
    Year & No.: 13/49122701
    Amount: $421.92, and any other amounts due thereunder.

22. A lien for unsecured property taxes, evidenced by a certificate recorded by the tax collector of Los Angeles County, recorded NOVEMBER 6, 2013, as INSTRUMENT NO. 13-1578429 of Official Records.
    Debtor: ALLIANCE FUNDING GROUP, INC
    Year & No.: 13/49122702
    Amount: $2,174.79, and any other amounts due thereunder.

23. A lien for unsecured property taxes, evidenced by a certificate recorded by the tax collector of Los Angeles County, recorded DECEMBER 20, 2016, as INSTRUMENT NO. 16-1617361 of Official Records.
    Debtor: ALLIANCE FUNDING GROUP INC
    Year & No.: 16/40250384
    Amount: $240.73, and any other amounts due thereunder.

24. A lien for unsecured property taxes, evidenced by a certificate recorded by the tax collector of Los Angeles County, recorded DECEMBER 20, 2016, as INSTRUMENT NO. 16-1617370 of Official Records.
    Debtor: ALLIANCE FUNDING GROUP INC
    Year & No.: 16/40250385
    Amount: $651.16, and any other amounts due thereunder.

25. Proceedings pending in the Bankruptcy Court of the U.S. Bankruptcy Court Central District of California (San Fernando Valley) District of the U.S. District Court, California, entitled in re: ALLIANCE FUNDING GROUP INC., debtor, Case No. 1:17-bk-11888-MT, wherein a petition for relief was filed under Chapter 7 on JULY 17, 2017.

26. Water rights, claims or title to water, whether or not shown by the public records.

27. This transaction may be subject to a confidential order issued pursuant to the Bank Secrecy Act. Information necessary to comply with the confidential order must be provided prior to the closing. This transaction will not be insured until this information is submitted, reviewed and found to be complete.

**Prior to the issuance of any policy of title insurance, the Company will require:**

28. With respect to ALLIANCE FUNDING GROUP INC., a corporation:
    a. A certificate of good standing of recent date issued by the Secretary of State of the corporation's state of domicile.

b. A certified copy of a resolution of the Board of Directors authorizing the contemplated transaction and designating which corporate officers shall have the power to execute on behalf of the corporation.
c. Other requirements which the Company may impose following its review of the material required herein and other information which the Company may require.

29. With respect to ALLIANCE FUNDING GROUP INC., A NEVADA CORPORATION, a certificate of revivor and a certificate of relief from contract voidability issued by the Franchise Tax Board of the State of California.

## INFORMATIONAL NOTES

Note: The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than the certain dollar amount set forth in any applicable arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. If you desire to review the terms of the policy, including any arbitration clause that may be included, contact the office that issued this Commitment or Report to obtain a sample of the policy jacket for the policy that is to be issued in connection with your transaction.

1. This report is preparatory to the issuance of an ALTA Loan Policy. We have no knowledge of any fact which would preclude the issuance of the policy with CLTA endorsement forms 100 and 116 and if applicable, 115 and 116.2 attached.

   When issued, the CLTA endorsement form 116 or 116.2, if applicable will reference a(n) Single Family Residence known as 1020 E PROVIDENCIA AVENUE, BURBANK, CA.

2. According to the public records, there has been no conveyance of the land within a period of twenty four months prior to the date of this report, except as follows:

   A document recorded June 05, 2017 as INSTRUMENT NO. 17-615955 OF OFFICIAL RECORDS
   From: MKRCHYAN INVESTMENTS, LP
   To: ARTHUR NAGAPETYAN, A SINGLE MAN

   NOTE to proposed insured lender only: No Private transfer fee covenant, as defined in Federal Housing Finance Agency Final Rule 12 CFR Part 1228, that was created and first appears in the Public Records on or after February 8, 2011, encumbers the Title except as follows: None

The map attached, if any, may or may not be a survey of the land depicted hereon. First American expressly disclaims any liability for loss or damage which may result from reliance on this map except to the extent coverage for such loss or damage is expressly provided by the terms and provisions of the title insurance policy, if any, to which this map is attached.

## LEGAL DESCRIPTION

Real property in the City of Burbank, County of Los Angeles, State of California, described as follows:

THAT PART OF LOT 1 OF TRACT NO. 3514, IN THE CITY OF BURBANK, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 40, PAGE 34 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, ALSO THAT PORTION OF LOT "A" OF TRACT NO. 3592, IN SAID CITY, AND STATE, AS PER MAP RECORDED IN BOOK 40, PAGE 63 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT A POINT IN THE WESTERLY LINE OF SAID LOT 1 OF TRACT NO. 3514, DISTANCE THEREON 202.62 FEET NORTHERLY FROM THE MOST WESTERLY CORNER OF SAID LOT; THENCE NORTHERLY ALONG SAID WESTERLY LINE OF LOT 1 AND THE WESTERLY LINE OF SAID LOT "A" OF TRACT NO. 3592, 50 FEET TO A POINT WHICH IS DISTANT THEREON, 50 FEET SOUTHERLY FROM THE MOST NORTHERLY CORNER OF SAID LOT "A"; THENCE SOUTHEASTERLY TO THE MOST EASTERLY CORNER OF SAID LOT 1 OF TRACT NO. 3514; THENCE SOUTHERLY ALONG THE EASTERLY LINE OF SAID LOT 1, 56.97 FEET TO A POINT, WHICH IS 202.62 FEET NORTHEASTERLY FROM THE SOUTHERLY CORNER OF SAID LOT 1; THENCE WESTERLY TO THE POINT OF BEGINNING.

APN: 5620-003-029

Order Number: **O-SA-5713600**
Page Number: 10



## ***NOTICE***

Section 12413.1 of the California Insurance Code, effective January 1, 1990, requires that any title insurance company, underwritten title company, or controlled escrow company handling funds in an escrow or sub-escrow capacity, wait a specified number of days after depositing funds, before recording any documents in connection with the transaction or disbursing funds. This statute allows for funds deposited by wire transfer to be disbursed the same day as deposit. In the case of cashier's checks or certified checks, funds may be disbursed the next day after deposit. In order to avoid unnecessary delays of three to seven days, or more, please use wire transfer, cashier's checks, or certified checks whenever possible.

**EXHIBIT A**
**LIST OF PRINTED EXCEPTIONS AND EXCLUSIONS (BY POLICY TYPE)**

**CLTA STANDARD COVERAGE POLICY – 1990**
EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
   (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3. Defects, liens, encumbrances, adverse claims or other matters:
   (a) whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;
   (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
   (c) resulting in no loss or damage to the insured claimant;
   (d) attaching or created subsequent to Date of Policy; or
   (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.
4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.
5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6. Any claim, which arises out of the transaction vesting in the insured the estate of interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1. Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.
   Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public, records.
2. Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.
3. Easements, liens or encumbrances, or claims thereof, not shown by the public records.
4. Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.
5. (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.
6. Any lien or right to a lien for services, labor or material not shown by the public records.

**CLTA/ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE (12-02-13)**
EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1. Governmental police power, and the existence or violation of those portions of any law or government regulation concerning:
   a. building;
   b. zoning;
   c. land use;

d. improvements on the Land;
e. land division; and
f. environmental protection.
This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.

2. The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not limit the coverage described in Covered Risk 14 or 15.
3. The right to take the Land by condemning it. This Exclusion does not limit the coverage described in Covered Risk 17.
4. Risks:
   a. that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;
   b. that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;
   c. that result in no loss to You; or
   d. that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.
5. Failure to pay value for Your Title.
6. Lack of a right:
   a. to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and
   b. in streets, alleys, or waterways that touch the Land.
   This Exclusion does not limit the coverage described in Covered Risk 11 or 21.
7. The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.
8. Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
9. Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

**LIMITATIONS ON COVERED RISKS**

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:
For Covered Risk 16, 18, 19, and 21 Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.
The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

| | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1% of Policy Amount Shown in Schedule A or $2,500 (whichever is less) | $10,000 |
| Covered Risk 18: | 1% of Policy Amount Shown in Schedule A or $5,000 (whichever is less) | $25,000 |
| Covered Risk 19: | 1% of Policy Amount Shown in Schedule A or $5,000 (whichever is less) | $25,000 |
| Covered Risk 21: | 1% of Policy Amount Shown in Schedule A or $2,500 (whichever is less) | $5,000 |

**2006 ALTA LOAN POLICY (06-17-06)**
EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to

   (i) the occupancy, use, or enjoyment of the Land;
   (ii) the character, dimensions, or location of any improvement erected on the Land;
   (iii) the subdivision of land; or
   (iv) environmental protection;

   or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
   (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3. Defects, liens, encumbrances, adverse claims, or other matters
   (a) created, suffered, assumed, or agreed to by the Insured Claimant;
   (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;

(c) resulting in no loss or damage to the Insured Claimant;
(d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13, or 14); or
(e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.

4. Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5. Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.
6. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
(a) a fraudulent conveyance or fraudulent transfer, or
(b) a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.
7. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records. This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

EXCEPTIONS FROM COVERAGE

[Except as provided in Schedule B - Part II,[ t[or T]his policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

**[PART I**

[The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1. (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2. Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3. Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.
5. (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6. Any lien or right to a lien for services, labor or material not shown by the public records.

**PART II**

In addition to the matters set forth in Part I of this Schedule, the Title is subject to the following matters, and the Company insures against loss or damage sustained in the event that they are not subordinate to the lien of the Insured Mortgage:]

**2006 ALTA OWNER'S POLICY (06-17-06)**

EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to

    (i) the occupancy, use, or enjoyment of the Land;
    (ii) the character, dimensions, or location of any improvement erected on the Land;
    (iii) the subdivision of land; or
    (iv) environmental protection;

    or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
    (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3. Defects, liens, encumbrances, adverse claims, or other matters
(a) created, suffered, assumed, or agreed to by the Insured Claimant;
(b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;

(c) resulting in no loss or damage to the Insured Claimant;
(d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 or 10); or
(e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.

4. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is
(a) a fraudulent conveyance or fraudulent transfer, or
(b) a preferential transfer for any reason not stated in Covered Risk 9 of this policy.
5. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:
[The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1. (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2. Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3. Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.
5. (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6. Any lien or right to a lien for services, labor or material not shown by the Public Records.
7. [Variable exceptions such as taxes, easements, CC&R's, etc. shown here.]

**ALTA EXPANDED COVERAGE RESIDENTIAL LOAN POLICY (07-26-10)**
EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to

    (i) the occupancy, use, or enjoyment of the Land;
    (ii) the character, dimensions, or location of any improvement erected on the Land;
    (iii) the subdivision of land; or
    (iv) environmental protection;

    or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
    (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3. Defects, liens, encumbrances, adverse claims, or other matters
(a) created, suffered, assumed, or agreed to by the Insured Claimant;
(b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
(c) resulting in no loss or damage to the Insured Claimant;
(d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27 or 28); or
(e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4. Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5. Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law. This Exclusion does not modify or limit the coverage provided in Covered Risk 26.
6. Any claim of invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage as to Advances or modifications made after the

Insured has Knowledge that the vestee shown in Schedule A is no longer the owner of the estate or interest covered by this policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11.

7. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching subsequent to Date of Policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11(b) or 25.
8. The failure of the residential structure, or any portion of it, to have been constructed before, on or after Date of Policy in accordance with applicable building codes. This Exclusion does not modify or limit the coverage provided in Covered Risk 5 or 6.
9. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
   (a) a fraudulent conveyance or fraudulent transfer, or
   (b) a preferential transfer for any reason not stated in Covered Risk 27(b) of this policy.
10. Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
11. Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

First American Title

**Privacy Information**

**We Are Committed to Safeguarding Customer Information**

In order to better serve your needs now and in the future, we may ask you to provide us with certain information. We understand that you may be concerned about what we will do with such information - particularly any personal or financial information. We agree that you have a right to know how we will utilize the personal information you provide to us. Therefore, together with our subsidiaries we have adopted this Privacy Policy to govern the use and handling of your personal information.

**Applicability**

This Privacy Policy governs our use of the information that you provide to us. It does not govern the manner in which we may use information we have obtained from any other source, such as information obtained from a public record or from another person or entity. First American has also adopted broader guidelines that govern our use of personal information regardless of its source. First American calls these guidelines its Fair Information Values.

**Types of Information**

Depending upon which of our services you are utilizing, the types of nonpublic personal information that we may collect include:

- Information we receive from you on applications, forms and in other communications to us, whether in writing, in person, by telephone or any other means;
- Information about your transactions with us, our affiliated companies, or others; and
- Information we receive from a consumer reporting agency.

**Use of Information**

We request information from you for our own legitimate business purposes and not for the benefit of any nonaffiliated party. Therefore, we will not release your information to nonaffiliated parties except: (1) as necessary for us to provide the product or service you have requested of us; or (2) as permitted by law. We may, however, store such information indefinitely, including the period after which any customer relationship has ceased. Such information may be used for any internal purpose, such as quality control efforts or customer analysis. We may also provide all of the types of nonpublic personal information listed above to one or more of our affiliated companies. Such affiliated companies include financial service providers, such as title insurers, property and casualty insurers, and trust and investment advisory companies, or companies involved in real estate services, such as appraisal companies, home warranty companies and escrow companies. Furthermore, we may also provide all the information we collect, as described above, to companies that perform marketing services on our behalf, on behalf of our affiliated companies or to other financial institutions with whom we or our affiliated companies have joint marketing agreements.

**Former Customers**

Even if you are no longer our customer, our Privacy Policy will continue to apply to you.

**Confidentiality and Security**

We will use our best efforts to ensure that no unauthorized parties have access to any of your information. We restrict access to nonpublic personal information about you to those individuals and entities who need to know that information to provide products or services to you. We will use our best efforts to train and oversee our employees and agents to ensure that your information will be handled responsibly and in accordance with this Privacy Policy and First American's Fair Information Values. We currently maintain physical, electronic, and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**Information Obtained Through Our Web Site**

First American Financial Corporation is sensitive to privacy issues on the Internet. We believe it is important you know how we treat the information about you we receive on the Internet.

In general, you can visit First American or its affiliates' Web sites on the World Wide Web without telling us who you are or revealing any information about yourself. Our Web servers collect the domain names, not the e-mail addresses, of visitors. This information is aggregated to measure the number of visits, average time spent on the site, pages viewed and similar information. First American uses this information to measure the use of our site and to develop ideas to improve the content of our site.

There are times, however, when we may need information from you, such as your name and email address. When information is needed, we will use our best efforts to let you know at the time of collection how we will use the personal information. Usually, the personal information we collect is used only by us to respond to your inquiry, process an order or allow you to access specific account/profile information. If you choose to share any personal information with us, we will only use it in accordance with the policies outlined above.

**Business Relationships**

First American Financial Corporation's site and its affiliates' sites may contain links to other Web sites. While we try to link only to sites that share our high standards and respect for privacy, we are not responsible for the content or the privacy practices employed by other sites.

**Cookies**

Some of First American's Web sites may make use of "cookie" technology to measure site activity and to customize information to your personal tastes. A cookie is an element of data that a Web site can send to your browser, which may then store the cookie on your hard drive.

FirstAm.com uses stored cookies. The goal of this technology is to better serve you when visiting our site, save you time when you are here and to provide you with a more meaningful and productive Web site experience.

---

**Fair Information Values**

**Fairness** We consider consumer expectations about their privacy in all our businesses. We only offer products and services that assure a favorable balance between consumer benefits and consumer privacy.

**Public Record** We believe that an open public record creates significant value for society, enhances consumer choice and creates consumer opportunity. We actively support an open public record and emphasize its importance and contribution to our economy.

**Use** We believe we should behave responsibly when we use information about a consumer in our business. We will obey the laws governing the collection, use and dissemination of data.

**Accuracy** We will take reasonable steps to help assure the accuracy of the data we collect, use and disseminate. Where possible, we will take reasonable steps to correct inaccurate information. When, as with the public record, we cannot correct inaccurate information, we will take all reasonable steps to assist consumers in identifying the source of the erroneous data so that the consumer can secure the required corrections.

**Education** We endeavor to educate the users of our products and services, our employees and others in our industry about the importance of consumer privacy. We will instruct our employees on our fair information values and on the responsible collection and use of data. We will encourage others in our industry to collect and use information in a responsible manner.

**Security** We will maintain appropriate facilities and systems to protect against unauthorized access to and corruption of the data we maintain.

Form 50-PRIVACY (9/1/10) Page 1 of 1 Privacy Information (2001-2010 First American Financial Corporation)

# EXHIBIT "2"

**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP
YOUR COUNSEL MATTERS®
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911
(818) 827-9000 Main
(818) 827-9099 Fax
www.bg.law

Reagan E. Boyce
(818) 827-9259 Direct
(818) 827-9049 Direct Fax
rboyce@bg.law

March 12, 2018

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Occupants
1020 E. Providencia Avenue
Burbank, CA 91501

**Re: 1020 E. Providencia Avenue, Burbank, CA**
**Our File No. 13336.0335**

To all occupants of 1020 E. Providencia Avenue, Burbank, CA:

Please consider this notice that the owner of 1020 E. Providencia Avenue, Burbank, CA is now David Seror, Chapter 7 Trustee for the bankruptcy estate of Alliance Funding Group, Inc. This property is part of a bankruptcy estate, and all rents owed are also property of the estate.

Demand is hereby made that you contact the undersigned immediately, but **no later than March 19, 2018**, at (818) 827-9000 or rboyce@bg.law to make arrangements for payment of rent going forward, to update the rental records for the 1020 E. Providencia property, and to turn over the Providencia property to the Trustee.

Failure to contact the undersigned, to pay rents, to turn over the Providencia property to the Trustee, or to provide the information requested may subject you to legal proceedings, including a turnover action in the United States Bankruptcy Court for the Central District of California, for removal from the premises.

Sincerely,

Reagan E. Boyce /td

REAGAN E. BOYCE

RBX:jr:td
cc: David Seror, Chapter 7 Trustee

1925273

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

7016 0600 0000 0076 0861

7016 0600 0000 0076 0861

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here

Occupants
1020 E. Providencia Ave
Burbank, CA 91501

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Occupants
1020 E. Providencia Ave
Burbank, CA 91501

9590 9403 0459 5173 9155 32

2. Article Number *(Transfer from service label)*
7016 0600 0000 0076 0861

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X ☐ Agent ☐ Addressee

B. Received by *(Printed Name)*
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
■ Adult Signature
☐ Adult Signature Restricted Delivery
■ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
■ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053 Domestic Return Receipt

# EXHIBIT “3”

**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP
YOUR COUNSEL MATTERS®
**21650 Oxnard St., Suite 500**
**Woodland Hills, CA 91367-4911**
**(818) 827-9000 Main**
**(818) 827-9099 Fax**
**www.bg.law**

**Reagan E. Boyce**
**(818) 827-9259 Direct**
**(818) 827-9049 Direct Fax**
**rboyce@bg.law**

March 26, 2018

**VIA HAND DELIVERY**

Rasmik Aslanyin and all other Occupants
1020 E. Providencia Avenue
Burbank, CA 91501

**Re: In re Alliance Funding Group 17-bk-11888-MT**
**Our File No. 13336.0335**

Dear Mr. Aslanyin and all other Occupants:

On behalf of David Seror, the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of Alliance Funding Group, Inc., you are hereby given notice to turnover possession and to vacate the premises 60 days from the date of service of this letter upon you. You are occupying the premises without a lease or other permission of the lawful owner. Alliance Funding Group, Inc., acquired title to the real property located at 1020 E. Providencia on or about November 6, 2017.

A residential landlord may terminate the month-to-month tenancy of a tenant who has resided on the property for one year or more by giving sixty (60) days written notice to the Tenant. Cal. Civil Code §1946.1. Failure to comply with this demand for turnover and to vacate the premises may subject you to legal proceedings.

Sincerely,

Reagan E. Boyce

REAGAN E. BOYCE

RBX:td
cc: David Seror, Chapter 7 Trustee

1931296

# EXHIBIT "4"

# PROOF OF SERVICE

**I, the undersigned, declare that I served the Notice (s) below indicated:**

## NOTICE TO TURNOVER POSSESSION & VACATE PREMISES 60 DAYS

**The above described Notice(s) were served on the following named parties in the manner set forth below:**

**Rasmik Aslanyin**
**1020 East Providencia Avenue**
**Burbank, CA 91501**
**(the "Premises")**

___ 1. PERSONAL SERVICE — By delivering a copy of the Notice (s) on to each of the above personally.

_X_ 2. CONSTRUCTIVE SERVICE — After due and diligent effort, by service of said Notice(s) as authorized by C.C.P Section 1162 (2,3) on each of the above-named parties in the manner set forth below:

(A) By leaving a copy for each of the above-named parties on ____________at __________, with ____________, a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers; and thereafter mailing a copy to each of the above-named parties by depositing said copies in the United States mail on_________________, in a sealed envelope, with postage fully prepaid, to the person to be served at the place where the copies were left.

(B) By posting a copy for each of the above-named parties on March 28, 2018 at 1:09 PM in a conspicuous place on the property; and thereafter mailing a copy to each said party by depositing said copies in the United States mail, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property is situated on March 28, 2018.

At the time of service, I was at least 18 years of age. I declare under penalty of perjury that the foregoing is true and correct.

**Dated:** March 28, 2018

**Signature:** ____________________________

William E. Umana
ASAP Legal, LLC
1607 James M. Wood Blvd.
Los Angeles, California 90015
(213)252-2000
Los Angeles County, Registration # 6235

**[32047372.BRUTZKUS]**

| | FOR COURT USE ONLY |
|---|---|
| **SHORT TITLE OF CASE:**<br>In re Alliance Funding Group<br><br>**ATTORNEY(S) NAME & ADDRESS**<br>Reagan E. Boyce, Esq. (SBN 248064)<br>BRUTZKUS GUBNER ROZANSKY SEROR WEBER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Tel: (818) 827-9000<br>Fax: (818) 827-9099 | |
| **DECLARATION OF DUE DILIGENCE** | |
| | **File#: 13336.0335** |

At the time of service attempt(s), I was at least 18 years old and not a party to the action

**DOCUMENT(S):** NOTICE TO TURNOVER POSSESSION & VACATE PREMISES 60 DAYS FROM DATE OF SERVICE

**SUBJECT:** Razmik Aslanyin
**ADDRESS:** 1020 East Providencia Avenue, Burbank, CA 91501

**ATTEMPT 1:** March 26, 2018 at 6:14 p.m.
No answer at the door. No sign of activity

**ATTEMPT 2:** March 27, 2018 at 9:43 a.m.
There is a Mercedes E300 (Lic# 8CJF425) parked in the driveway. No answer at the door.

**ATTEMPT 3:** March 28, 2018 at 1:09 p.m.
No answer at the door. Posted documents on door, mailed copies thereafter.

**Person serving:**
William E. Umana
ASAP Legal Solution
1607 James M. Wood Blvd.
Los Angeles, CA 90015
(213)252-2000

Registered California Process Server
(1) Employee or Independent Contractor
(2) Registration No.: 6235
(3) County: Los Angeles

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Date:** March 28, 2018

**Signature:** ______________________

**[32047372.BRUTZKUS]**

Proof of Service complies with CRC 982(a)(23) as required by CCP 417.10

# PROOF OF SERVICE

**I, the undersigned, declare that I served the Notice (s) below indicated:**

## NOTICE TO TURNOVER POSSESSION & VACATE PREMISES 60 DAYS

**The above described Notice(s) were served on the following named parties in the manner set forth below:**

**All Other Occupants**
**1020 East Providencia Avenue**
**Burbank, CA 91501**
**(the "Premises")**

___ 1. PERSONAL SERVICE — By delivering a copy of the Notice (s) on to each of the above personally.

_X_ 2. CONSTRUCTIVE SERVICE — After due and diligent effort, by service of said Notice(s) as authorized by C.C.P Section 1162 (2,3) on each of the above-named parties in the manner set forth below:

(A) By leaving a copy for each of the above-named parties on ____________ at __________, with ____________, a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers; and thereafter mailing a copy to each of the above-named parties by depositing said copies in the United States mail on_________________, in a sealed envelope, with postage fully prepaid, to the person to be served at the place where the copies were left.

(B) By posting a copy for each of the above-named parties on March 28, 2018 at 1:09 PM in a conspicuous place on the property; and thereafter mailing a copy to each said party by depositing said copies in the United States mail, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property is situated on March 28, 2018.

At the time of service, I was at least 18 years of age. I declare under penalty of perjury that the foregoing is true and correct.

**Dated:** March 28, 2018

**Signature:** ______________________

William E. Umana
ASAP Legal, LLC
1607 James M. Wood Blvd.
Los Angeles, California 90015
(213)252-2000
Los Angeles County, Registration # 6235

**[32047373.BRUTZKUS]**

| | FOR COURT USE ONLY |
|---|---|
| **SHORT TITLE OF CASE:**<br>In re Alliance Funding Group<br><br>**ATTORNEY(S) NAME & ADDRESS**<br>Reagan E. Boyce, Esq. (SBN 248064)<br>BRUTZKUS GUBNER ROZANSKY SEROR WEBER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Tel: (818) 827-9000<br>Fax: (818) 827-9099<br><br>**DECLARATION OF DUE DILIGENCE** | |
| | **File#: 13336.0335** |

At the time of service attempt(s), I was at least 18 years old and not a party to the action

**DOCUMENT(S):** NOTICE TO TURNOVER POSSESSION & VACATE PREMISES 60 DAYS FROM DATE OF SERVICE

**SUBJECT:** All Other Occupants
**ADDRESS:** 1020 East Providencia Avenue, Burbank, CA 91501

**ATTEMPT 1:** March 26, 2018 at 6:14 p.m.
No answer at the door. No sign of activity

**ATTEMPT 2:** March 27, 2018 at 9:43 a.m.
There is a Mercedes E300 (Lic# 8CJF425) parked in the driveway. No answer at the door.

**ATTEMPT 3:** March 28, 2018 at 1:09 p.m.
No answer at the door. Posted documents on door, mailed copies thereafter.

**Person serving:**
William E. Umana
ASAP Legal Solution
1607 James M. Wood Blvd.
Los Angeles, CA 90015
(213)252-2000

Registered California Process Server
(1) Employee or Independent Contractor
(2) Registration No.: 6235
(3) County: Los Angeles

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Date:** March 28, 2018

**Signature:** ______________________________

**[32047373.BRUTZKUS]**

Proof of Service complies with CRC 982(a)(23) as required by CCP 417.10

# EXHIBIT “5”

**This page is part of your document - DO NOT DISCARD**

**20091957225**

**Pages: 0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**12/23/09 AT 08:00AM**

| | |
|---|---|
| FEES: | 16.00 |
| TAXES: | NFPR |
| OTHER: | 0.00 |
| PAID: | NFPR |

LEADSHEET

200912230130007

**00001689714**

002458413

**SEQ:**
**07**

DAR - Title Company (Hard Copy)

**THIS FORM IS NOT TO BE DUPLICATED**

E534013

R15

RECORDING REQUESTED BY:
Orange Coast Title

2

WHEN RECORDED, MAIL TO:
Allen Melikian

1020 E. Providencia Avenue
Burbank, CA 91501

**Recording Requested by:
Orange Coast Title Company
of Southern California**

12/23/2009
*20091957225*

ASSESSOR'S PARCEL NO.: 5620-003-029
TITLE ORDER NO. 1127161-01
ESCROW NO. 2254-JF

THIS SPACE FOR RECORDER'S USE ONLY

# GRANT DEED

The undersigned Grantor(s) declare that the DOCUMENTARY TRANSFER TAX IS: ... . [illegible]
XX computed on the full value of the interest of property conveyed, or
___ computed on the full value less the value of liens or encumbrances remaining thereon at the time of sale.
___ OR transfer is EXEMPT from tax for the following reason

TRANSFER TAX
NOT A PUBLIC RECORD

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,**

**The Providencia Trust #1020, C.I.C. as Trustee**

**HEREBY GRANT(S) to Allen Melikian** , a single man

all that real property situated in the City of Burbank, County of Los Angeles, State of CA, described as: COMPLETE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A"

**Commonly Known As:** 1020 East Providencia Avenue, Burbank, CA 91501

Dated: December 1, 2009

STATE OF CALIFORNIA }
COUNTY OF Orange }
On December 9, 2009 , before me,
Alondra Martinez , a Notary Public
personally appeared Ron Wood

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature , [signature]

The Providencia Trust #1020, C.I.C. as Trustee

By: [signature]
Ron Wood, C.O.O. for C.I.C.

ALONDRA MARTINEZ
Commission # 1710314
Notary Public - California
Los Angeles County
My Comm. Expires Dec 12, 2010

(SEAL)

**Mail Tax Statements to Return Address Above**

7c

3

Order No. 305-1127161-01

# Exhibit "A"

That part of Lot 1 of Tract 3514, in the City of Burbank, County of Los Angeles, State of California, as per map recorded in Book 40, Page 34 of Maps, in the Office of the County Recorder of said County, also that portion of Lot "A" of Tract 3592, in said City, and State, as per map recorded in Book 40, Page 65 of Maps, in the Office of the County Recorder of said County, described as a whole as follows:

Beginning at a point in the Westerly line of said Lot 1 of Tract 3514, distance thereon 202.62 feet Northerly from the most Westerly corner of said Lot; thence Northerly along said Westerly line of Lot 1 and the Westerly line of said Lot "A" of Tract No. 3592, 50 feet to a point which is distant thereon, 50 feet Southerly from the most Northerly corner of said Lot "A"; thence Southeasterly to the most Easterly corner of said Lot 1 of Tract No. 3514; thence Southerly along the Easterly line of said Lot 1, 56.97 feet to a point, which is 202.62 feet Northeasterly from the Southerly corner of said Lot 1; thence Westerly to the point of beginning.

# EXHIBIT “6”

**This page is part of your document - DO NOT DISCARD**

# 20100322573

Pages: 0003

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**03/09/10 AT 03:23PM**

| | |
|---|---|
| FEES: | 22.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 22.00 |

LEADSHEET

201003091890029

**00002043188**

002577796

**SEQ:**
**01**

DAR - Counter (Hard Copy)

**THIS FORM IS NOT TO BE DUPLICATED**

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO:

HAMLET BETSARGHEZ
1436 GLENOAKS BLVD., #125
GLENDALE, CA 91201

03/09/2010
*20100322573*

2

THIS SPACE FOR RECORDER'S USE ONLY

# QUITCLAIM DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX Is $NONE CITY TRANSFER TAX $NONE**
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[X] Unincorporated area [ ] City of **AND**

"This is a bonafide gift and the grantor received nothing in return, R & T 11911 "
FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**ALLEN MELIKIAN, a Single Man**

do(es) hereby remise, release and forever quitclaim to

**HAMLET BETSARGHEZ, A Married Man as his sole & separate property**

the real property in the County of Los Angeles, State of California, described as:
That part of Lot 1 of tract 3514, as per map recorded in Book 40, Page 34 of Maps....
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
A P # 5620-003-029
Also Known as: 1020 East Providencia Ave , Burbank, CA 91501

**DATED March 4, 2010**
STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
On MARCH 8, 2010
before me, Seta Mekhitarian,
A Notary Public in and for said State personally appeared
ALLEN MELIKIAN

[signature]
ALLEN MELIKIAN

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct
WITNESS my hand and official seal

SETA MEKHITARIAN
COMM. # 1710928
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Dec. 15, 2010
VRS1 VRS1

Signature [signature] (Seal)
MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN MAIL AS DIRECTED ABOVE

# Exhibit "A"

That part of Lot 1 of Tract 3514, in the City of Burbank, County of Los Angeles, State of California, as per map recorded in Book 40, Page 34 of Maps, in the Office of the County Recorder of said County, also that portion of Lot "A" of Tract 3592, in said City, and State, as per map recorded in Book 40, Page 65 of Maps, in the Office of the County Recorder of said County, described as a whole as follows:

Beginning at a point in the Westerly line of said Lot 1 of Tract 3514, distance thereon 202.62 feet Northerly from the most Westerly corner of said Lot; thence Northerly along said Westerly line of Lot 1 and the Westerly line of said Lot "A" of Tract No. 3592, 50 feet to a point which is distant thereon, 50 feet Southerly from the most Northerly corner of said Lot "A"; thence Southeasterly to the most Easterly corner of said Lot 1 of Tract No. 3514; thence Southerly along the Easterly line of said Lot 1, 56.97 feet to a point, which is 202.62 feet Northeasterly from the Southerly corner of said Lot 1; thence Westerly to the point of beginning.

# EXHIBIT "7"

**This page is part of your document - DO NOT DISCARD**

# 20130361982

Pages: 0003

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**03/11/13 AT 08:00AM**

| | |
|---|---|
| FEES: | 25.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 25.00 |

LEADSHEET

201303110190035

**00007367001**

004703839

**SEQ:**
**02**

DAR - Title Company (Hard Copy)

**THIS FORM IS NOT TO BE DUPLICATED**

E464790

t19

2

**RECORDING REQUESTED BY**

**AND WHEN RECORDED MAIL DOCUMENT TO:**

Hamlet Bestsarghez
1436 Glenoaks Blvd # 125
Glendale, Ca 91201

04100-25872

03/11/2013
*20130361982*

Space Above This Line for Recorder's Use Only

A.P.N.: 5620-003-029

File No.: 56103-1223007-13

# INTERSPOUSAL TRANSFER GRANT DEED

(Excluded from Reappraisal under California Constitution Article 13A Section 1 et seq.)

The Undersigned Grantor(s) declare(s): DOCUMENTARY TRANSFER TAX **$0.00**; CITY TRANSFER TAX **$**;
This conveyance is solely between spouses and is EXEMPT from the imposition of the Documentary Transfer Tax pursuant to Section 11930 and/or 11911 et seq. of the Revenue and Taxation Code.

This is an Interspousal Transfer and not a change in ownership under Section 63 of the Revenue and Taxation Code, and transfer by Grantor(s) is excluded from reappraisal as a creation, transfer, or termination, solely between the spouses of any co-owner's interest. "This conveyance establishes sole and separate property of a spouse, R & T 11911."

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **Helen Minassian, wife of the grantee herein**

hereby GRANTS to **Hamlet Betsarghez, a married man as his separate property**

the following described property in the City of **Burbank**, County of **Los Angeles**, State of **California**:

**Attached hereto as Exhibit A.**

Dated: **03/06/2013**

STATE OF CALIFORNIA )
COUNTY OF Los Angeles )ss

On 3/6/2013, before me, Gayane Karamanukyan Notary Public, personally appeared Helen Minassian

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I Certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature ______________________

*This area for official notarial seal*

H. Minassian
Helen Minassian

GAYANE KARAMANUKYAN
Commission # 1956227
Notary Public - California
Los Angeles County
My Comm. Expires Oct 13, 2015

Mail Tax Statements To: **SAME AS ABOVE**

2A

3

EXHIBIT "A"

# LEGAL DESCRIPTION

**The land referred to herein is situated in the State of California, County of Los Angeles, City of Burbank and described as follows:**

That part of Lot 1 of Tract 3514, in the City of Burbank, County of Los Angeles, State of California, as per map recorded in Book 40 Page 34 of Maps, in the Office of the County Recorder of said County, also that portion of Lot "A" of Tract 3592 in said City, and State, as per map recorded in Book 40, Page 65 of Maps, in the Office of the County Recorder of said County, described as a whole as follows;

Beginning at a point in the Westerly line of said Lot 1 of Tract 3514, distance thereon 202.62 feet Northerly from the most Westerly corner of said Lot; thence Northerly along said Westerly line of Lot 1 and the Westerly line of said Lot "A" of Tract No. 3592, 50 feet to a point which is distant thereon, 50 feet Southerly from the most Northerly corner of said Lot "A"; thence Southeasterly to the most Easterly corner of said Lot 1 of Tract No. 3514; thence Southerly along the Easterly Line of said Lot 1,56.97 feet to a point, which is 202.62 feet Northeasterly from the Southerly corner of said Lot 1; thence Westerly to the point of beginning.

APN: 5620-003-029
(End of Legal Description)

# EXHIBIT “8”

**This page is part of your document - DO NOT DISCARD**

COUNTY OF LOS ANGELES · CALIFORNIA

**20140638414**

**Pages: 0003**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**06/19/14 AT 03:20PM**

| | |
|---|---|
| FEES: | 25.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 25.00 |

LEADSHEET

201406190940017

**00009311334**

006251831

**SEQ:
01**

DAR - Counter (Upfront Scan)

**THIS FORM IS NOT TO BE DUPLICATED**

E220504

**RECORDING REQUESTED BY:**
Hamlet Bestarghez

**WHEN RECORDED MAIL TO:**

Mkrtchyan Investments, LP
1010 W. Magnolia Bvd #100
Burbank, CA 91506

SPACE ABOVE THIS LINE FOR RECORDER'S USE

**APN: 5620-003-029**

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S):
DOCUMENTARY TRANSFER TAX is $0.00 CITY TAX is $0.00
☐ computed on the full value of the property conveyed, or
☐ computed on full value less value of liens or encumbrances remaining at the time of sale,
☐ Realty not sold
☐ Unincorporated area ☒ City of Burbank, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Hamlet Bestarghez a married man as his sole separate property

hereby GRANT(S) to Mkrtchyan Investments, LP, a California Limited Partnership

the following described real property in the City of Burbank, County of Los Angeles, State of California:
As shown in Exhibit "A" attached hereto and made a part hereof, and commonly known as 1020 East Providencia, Burbank, CA 91501 "This is a bonafide gift and the grantor received nothing in return, R & T 11911."

Dated: 6/14/2014

Hamlet Bestarghez

STATE OF CALIFORNIA }ss
COUNTY OF Los Angeles }

On June 16, 2014 before me Aluna Shakhbazyan, Notary Public, personally appeared Hamlet Bestarghez

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature ______________________

SPACE BELOW RESERVED FOR NOTARY SEAL

ALVINA SHAKHBAZYAN
COMM. #2058379
Notary Public - California
Los Angeles County
My Comm. Expires Feb. 17, 2018
NR01



**MAIL TAX STATEMENTS AS DIRECTED ABOVE**

## LEGAL DESCRIPTION

**The land referred to herein is situated in the State of California, County of Los Angeles, City of Burbank and described as follows:**

That part of Lot 1 of Tract 3514, in the City of Burbank, County of Los Angeles, State of California, as per map recorded in Book 40 Page 34 of Maps, in the Office of the County Recorder of said County, also that portion of Lot "A" of Tract 3592 in said City, and State, as per map recorded in Book 40, Page 65 of Maps, in the Office of the County Recorder of said County, described as a whole as follows;

Beginning at a point in the Westerly line of said Lot 1 of Tract 3514, distance thereon 202.62 feet Northerly from the most Westerly corner of said Lot; thence Northerly along said Westerly line of Lot 1 and the Westerly line of said Lot "A" of Tract No. 3592, 50 feet to a point which is distant thereon, 50 feet Southerly from the most Northerly corner of said Lot "A"; thence Southeasterly to the most Easterly corner of said Lot 1 of Tract No. 3514; thence Southerly along the Easterly Line of said Lot 1,56.97 feet to a point, which is 202.62 feet Northeasterly from the Southerly corner of said Lot 1; thence Westerly to the point of beginning.

APN: 5620-003-029
(End of Legal Description)

# EXHIBIT "9"

**This page is part of your document - DO NOT DISCARD**

# 20170615955

Pages: 0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

06/05/17 AT 09:20AM

| | |
|---|---|
| FEES: | 38.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 38.00 |

LEADSHEET

201706052260009

00013799931

008371751

SEQ:
01

DAR - Counter (Upfront Scan)

THIS FORM IS NOT TO BE DUPLICATED

E629335

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

NAME Arthur Nagapetyan
ADDRESS 10039 Benares Place
CITY Sun Valley
STATE & ZIP CA 91352

APN NO. 5620-003-029

Save Above This Line for Recorder's Use Only

# GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s) Gift
DOCUMENTARY TRANSFER TAX is **$N/A**, CITY TAX **$N/A**;
☒ computed on the consideration or full value of property conveyed, or
☐ computed on the consideration or full value less value of liens and/or encumbrances remaining at time of sale,
☐ Unincorporated area: ☒ City of **Burbank**, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, ~~Mkrtchyan~~ Mkrchyan Investments, LP

hereby GRANT(s) to **Arthur Nagapetyan, A Single Man**

the following described real property in the **City of Burbank**, County of **Los Angeles**, State of **California**:

**As shown in Exhibit "A" attached hereto and made a part hereof, and commanly known as 1020 E. Providencia Ave, Burbank, CA 91501 "This is a bonafide gift and the grantor received nothing in return, R & T 11911."**

Dated 6-1-17

Mkrchyan Investments, LP
By, Greg Mkrchyan, Managing Member

See attached acknowledgment

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

# CALIFORNIA ALL-PURPOSE CERTIFICATE OF ACKNOWLEDGMENT

State of California )

County of Los Angeles )

On June 1, 2017 before me, Alvina Shakhbazyan Notary Public (here insert name and title of the officer)

personally appeared Greg Mkrchyan

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature [signature]

ALVINA SHAKHBAZYAN
COMM. #2058379
Notary Public - California
Los Angeles County
My Comm. Expires Feb. 17, 2018
NR01

(Seal)

## OPTIONAL INFORMATION

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.*

### Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of Grant Deed 1020 E. Providencia AVE, Burbank.

containing 1 pages, and dated 6/1/2017.

The signer(s) capacity or authority is/are as:

- [x] Individual(s)
- [ ] Attorney-in-Fact
- [ ] Corporate Officer(s) ______ Title(s)
- [ ] Guardian/Conservator
- [ ] Partner - Limited/General
- [ ] Trustee(s)
- [ ] Other: ______

representing: ______ Name(s) of Person(s) or Entity(ies) Signer is Representing

### Additional Information

Method of Signer Identification

Proved to me on the basis of satisfactory evidence:
○ form(s) of identification ○ credible witness(es)

Notarial event is detailed in notary journal on:
Page # ______ Entry # ______

Notary contact: ______

Other

- [ ] Additional Signer(s)
- [ ] Signer(s) Thumbprint(s)
- [ ] ______

© Copyright 2007-2014 Notary Rotary, Inc. PO Box 41400, Des Moines, IA 50311-0507. All Rights Reserved. Item Number 101772. Please contact your Authorized Reseller to purchase copies of this form.

Exhibit A

**LEGAL DESCRIPTION**

Real property in the City of Burbank, County of Los Angeles, State of California, described as follows:

THAT PART OF LOT 1 OF TRACT NO. 3514, IN THE CITY OF BURBANK, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 40 PAGE 34 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, ALSO THAT PORTION OF LOT "A" OF TRACT NO. 3592, IN SAID CITY, COUNTY AND STATE, AS PER MAP RECORDED IN BOOK 40 PAGE 65 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT A POINT IN THE WESTERLY LINE OF SAID LOT 1 OF TRACT NO. 3514, DISTANCE THEREON 202.62 FEET NORTHERLY FROM THE MOST WESTERLY CORNER OF SAID LOT; THENCE NORTHERLY ALONG SAID WESTERLY LINE OF LOT 1 AND THE WESTERLY LINE OF SAID LOT "A" OF TRACT NO. 3592, 50 FEET TO A POINT WHICH IS DISTANT THEREON, 50 FEET SOUTHERLY FROM THE MOST NORTHERLY CORNER OF SAID LOT "A" THENCE SOUTHEASTERLY TO THE MOST EASTERLY CORNER OF SAID LIT 1 OF TRACT NO. 3514; THENCE SOUTHERLY ALONG THE EASTERLY LINE OF SAID LOT 1, 56.97 FEET TO A POINT WHICH IS 202.62 FEET NORTHEASTERLY FROM THE SOUTHERLY CORNER OF SAID LOT 1; THENCE WESTERLY TO THE POINT OF BEGINNING.

APN: 5620-003-029

# EXHIBIT “10”

This page is part of your document - DO NOT DISCARD

**20171308593**

Pages:
0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

11/14/17 AT 04:06PM

| | |
|---|---|
| FEES: | 24.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 24.00 |

LEADSHEET

201711140940042

00014504863

008725839

SEQ:
01

DAR - Counter (Upfront Scan)

THIS FORM IS NOT TO BE DUPLICATED

E510354



Scanned by CamScanner

11/14/2017

*20171308593*

**RECORDING REQUESTED BY**
Alliance Funding Group
WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO:

| | |
|---|---|
| NAME | Alliance Funding Group |
| ADDRESS | 14930 Ventura Blvd., #200 |
| CITY | Sherman Oaks |
| STATE&ZIP | California 91403 |

Trustee's Sales Number #2016-0008　　　　A P N: 5620-003-029

DOCUMENTARY TRANSFER TAX $0.00

XX GRANTEE XX WAS _____ WAS NOT THE FORECLOSING BENEFICIARY CONSIDERATION $ 250,000.00

UNPAID DEBT: $__________　　　NON-EXEMPT AMOUNT $0.00

_____COMPUTED ON THE CONSIDERATION OR VALUE OF PROPERTY CONVEYED

_____ COMPUTED ON THE CONSIDERATION OR VALUE LESS LIENS OR ENCUMBRANCES REMAINING AT TIME OF SALE

_____UNICORPORATED AREA ___xx___CITY OF LOS ANGELES

# TRUSTEE'S DEED UPON SALE

AMERICAN FUNDERS CORP (HEREIN AFTER CALLED TRUSTEE), HEREBY GRANTS AND CONVEYS, BUT WITHOUT COVENANT OR WARRANTY OF ANY KIND, EXPRESSED OR IMPLIED, REGARDING TITLE TO SAID PROPERTY OR ANY ENCUMBRANCES THEREON TO:

ALLIANCE FUNDING GROUP INC., A NEVADA CORPORATION

(HEREIN CALLED GRANTEE), THE REAL PROPERTY IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA DESCRIBED AS FOLLOWS:

See: EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

THE CONVEYANCE IS MADE PURSUANT TO THE AUTHORITY AND POWERS VESTED IN SAID TRUSTEE, AS TRUSTEE OR SUCCESOR TRUSTEE, OR SUBSTITUTED TRUSTEE UNDER THAT CERTAIN DEED OF TRUST EXECUTED BY HAMLET BETSARGHEZ., AS TRUSTOR(S) , RECORDED APRIL 2, 2014 AS DOCUMENT NO. 20140332115 IN BOOK , PAGE , OF OFFICIAL RECORDS OF LOS ANGELES COUNTY, CALIFORNIA AND PURSUANT TO THE NOTICE OF DEFAULT RECORDED MARCH 29TH, 2017 WITH INSTRUMENT 20170347424 IN BOOK ________, PAGE__________ , OF OFFICIAL RECORDS OF SAID COUNTY. TRUSTEE HAVING COMPLIED WITH ALL APPLICABLE STATUTORY REQUIREMENTS OF THE STATE OF CALIFORNIA AND PERFORMED ALL DUTIES REQUIRED BY SAID DEED OF TRUST, INCLUDING, AMONG OTHER THINGS, AS APPLICABLE, THE MAILING OF COPIES OF NOTICES OR THE PUBLICAITON OF A COPY OF THE NOTICE OF DEFAULT OR THE PERSONAL DELIVERY OF THE COPY OF THE NOTICE OF DEFAULT OR THE POSITING OF THE COPIES OF THE NOTICE OF SALE OR THIS PUBLICAITON OF A COPY THEREOF.

SAID TRUSTEE DID SELL SAID PROPERTY ABOVE DESCRIBED AT PUBLIC ACTION ON NOVEMBER 6TH , 2017, TO SAID GRANTEE BEING THE HIGHEST BIDDER THEREFORE FOR $250,000.00 CASH, LAWFUL MONEY OF THE UNITED STATES IN FULL SATISFACTION OF THE INDEBTEDNESS THEN SECURED BY SAID DEED OF TRUST.



Scanned by CamScanner

Case 1:17-bk-11888-MT Doc 17 Filed 11/15/17 Entered 11/15/17 16:42:21 Desc
Main Document Page 10 of 11

DATED: November 8, 2017

AMERICAN FUNDERS CORP

BY: ______________________
FIROOZ PAYAN - PRESIDENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

STATE OF CALIFORNIA }
COUNTY OF LOS ANGELES } S.S.

On 11-13-2017 before me, John P. TATA, (A Notary Public), personally appeared FIROOZ PAYAN, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify Under PENALTY OF PERJURY under the laws of the state of California that the foregoing paragraph is true and correct .

WITNESS my hand and official seal.

John P. Tata
COMMISSION #2169656
NOTARY PUBLIC • CALIFORNIA
LOS ANGELES COUNTY
Commission Expires November 21, 2020

Signature______________________



Scanned by CamScanner

Case 1:17-bk-11883-MT Doc 17 Filed 11/15/17 Entered 11/15/17 16:42:26 Desc
Main Document Page 17 of 17

# EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF BURBANK, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

THAT PART OF LOT 1 OF TRACT NO. 3514, IN THE CITY OF BURBANK, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 40 PAGE 34 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, ALSO THAT PORTION OF LOT "A" OF TRACT NO. 3592, IN SAID CM', COUNTY AND STATE, AS PER MAP RECORDED IN BOOK 40 PAGE 65 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT A POINT IN THE WESTERLY LINE OF SAID LOT 1 OF TRACT NO. 3514, DISTANCE THEREON 202.62 FEET NORTHERLY FROM THE MOST WESTERLY CORNER OF SAID LOT; THENCE NORTHERLY ALONG SAID WESTERLY LINE OF LOT 1 AND THE WESTERLY LINE OF SAID LOT "A" OF TRACT NO. 3592, 50 FEET TO A POINT WHICH IS DISTANT THEREON, 50 FEET SOUTHERLY FROM THE MOST NORTHERLY CORNER OF SAID LOT "A" THENCE SOUTHEASTERLY TO THE MOST EASTERLY CORNER OF SAID LIT 1 OF TRACT NO. 3514; THENCE SOUTHERLY ALONG THE EASTERLY LINE OF SAID LOT 1, 56.97 FEET TO A POINT WHICH IS 202.62 FEET NORTHEASTERLY FROM THE SOUTHERLY CORNER OF SAID LOT 1; THENCE WESTERLY TO THE POINT OF BEGINNING.

APN: **5620-003-029**


Scanned by CamScanner